UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

RONALD SCHILKE,

    Plaintiff,                                    CASE NO.

v.

NORTHSTAR LOCATION SERVICES, LLC,

    Defendant.
_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RONALD SCHILKE ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Ft. Myers, Lee County, Florida and is

obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Cheektowaga, New York.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant placed approximately eight (8) collection calls to Plaintiff everyday from approximately January 2010 to July 2010.

13. Defendant placed collection calls to Plaintiff at telephone number 440-281-1273.

14. Defendant placed collection calls to Plaintiff from unavailable and private telephone numbers and numbers that show up as 000000000 on Plaintiff's caller ID.

ID.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient to the Plaintiff.

b) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

e) Defendant violated *§1692e* by false, deceptive, or misleading representation or means in connection with the debt collection.

f) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt or obtain information about a consumer.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

16. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

17. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

18. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James D. Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax:    (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RONALD SCHILKE hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, RONALD SCHILKE, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RONALD SCHILKE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/8/10

RONALD SCHILKE,
Plaintiff

VERIFIED COMPLAINT                                                                                 5